**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**FELECIA BRIDGES**                                                                            **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO.:4:20-CV-89-DMB-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                       **DEFENDANT**

## REPORT AND RECOMMENDATION

The plaintiff, Felecia Bridges, seeks judicial review of the Social Security Administration's decision denying her application for Social Security disability benefits and/or Supplemental Security Income. The plaintiff asserts the ALJ erred in his analysis of medical and psychological opinions and in declining to order a consultative examination. The undersigned, having reviewed and considered the record, briefs and oral argument and having considered the applicable regulations and case law in this matter, recommends that the decision of the Commissioner of Social Security be affirmed.

### FACTS

The plaintiff filed for disability benefits on August 9, 2017, alleging onset of disability commencing on June 7, 2014. The plaintiff alleges she has been disabled due to obesity, diabetes, depression, and anxiety. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on July 2,

2019. (Dkt. 10 p. 16-25).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Bridges had the following severe impairments: obesity, diabetes, depression, and anxiety. The ALJ found she retained the residual functional capacity (RFC) to lift carry push or pull up to twenty pounds occasionally and ten pounds frequently. Bridges can sit for six hours and stand or walk for four hours per eight-hour workday. She can occasionally climb ramps and stairs but never climb ladders ropes or scaffolds. She can occasionally balance, stoop, kneel, and crouch but never crawl. She cannot be exposed to unprotected heights or moving mechanical parts. She cannot operate a motor vehicle. She can only have occasional exposure to dust, odors, fumes, and pulmonary irritants, as well as extreme cold or heat. She is limited to simple routine, repetitive tasks. She is limited to occasional interaction with supervisors, co-workers, and the general public. She can tolerate few if any changes in the work environment. (R. 24) Bridges does not have any past relevant work but based on the testimony of the vocational expert, the ALJ found there were other jobs in the national economy within her RFC.[2]

## **ANALYSIS**

The plaintiff argues the ALJ erred in his analysis of the medical opinions. She also makes the tripartite argument that the ALJ had a duty to develop the record, erred in not ordering a consultative examination, and therefore assessed an RFC that was not supported by substantial evidence.

---

[1] The administrative record is Docket 10. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.
[2] He found the plaintiff could work as a merchandise marker, routing clerk, and mail sorter, with about 435,00 jobs in the national economy.

## ANALYSIS OF EXPERT OPINIONS

The plaintiff argues the ALJ erred in his analysis of medical opinions of Sabrina Easter, FNP, a treating medical source, and Janice Hinson, Ph.D., a DDS consultant. She asserts the ALJ did not properly explain why he found Easter's opinions unpersuasive and that he erred in finding Hinson's report persuasive but failing to incorporate all the limitations from her report into the RFC.

## MEDICAL OPINIONS

The ALJ found that Easter's opinions were not persuasive. The ALJ explained the decision as follows:

> The claimant's primary care provider, Sabrina Easter, FNP, offered an opinion of the claimant's physical abilities in January 2019. She said that the claimant would experience pain or other symptoms severe enough to interfere with concentration and attention needed to perform even simple tasks for more than 67% of the typical workday. She stated that the claimant could frequently lift less than ten pounds. She stated that claimant could stand for two hours over the course of an 8-hour workday, and sit for just two hours over the course of an 8-hour workday. She stated that the claimant would occasionally need to elevate her legs and use a cane. She endorsed limitations on repetitive fingering, handling, or reaching. She indicated that the claimant could only rarely twist, stoop, crouch or climb. (Exhibit D 16 F). The undersigned finds this opinion unpersuasive. The records from Nurse Easter contained no objective findings which would support her opinion. (R. 23)

The plaintiff correctly points out current regulations require the ALJs to consider multiple factors in deciding the persuasiveness of a medical opinion, 20 C.F.R § 404.1520 c(c) but need only specifically address two factors in their decisions: the supportability of an opinion and the consistency of that opinion. 20 C.F.R. § 404.1520 (c)(b)(3). Stating that a provider's records "contained no objective findings," to support an opinion, without any further explanation, is meaningless boilerplate. It violates not only the Commissioner's regulatory mandate, but the

3

statutory mandate that SSA explain decisions denying benefits without which the courts cannot conduct a meaningful review of administrative decisions. *Audler v. Astrue*, 501 F.3d 446 (2007).

The court must next consider whether this error is harmless, and concludes, from its review of the clinic records, that the nurse practitioner's opinions are not supported by the medical records, even looking at both objective evidence and subjective complaints. Easter issued opinions that would preclude Bridges from performing any work, including finding that Bridges could only stand and walk for two hours per day and only sit for two hours per day. But the only condition consistently noted in the records that would impact her physical abilities is her massive obesity. Her BMIs consistently were in the seventies. There are also some sporadic notes of unquantified decreased muscle strength in the extremities due to lymphedema and obesity. But even so these records do not support the extreme sitting, standing, and walking limitations Easter assigns. Multiple "review of system" notes do not record any musculoskeletal complaints. In other places, clinic providers noted Bridges moved all extremities and had normal tone and coordination. One provider in August 2018 noted normal strength in all extremities. There are no notes of crepitus in the knees or chronic swelling. Notes after an auto accident provide complaints about back and hip pain, and an abraded knee in the same accident provides a complaint of knee pain. These medical records clearly do not support the extreme impairments Easter finds.

The lack of support for other Easter's other limitations further undermines the persuasiveness of her report. There is one complaint of right-handed numbness on the day of an examination, but Easter opined Bridges would be significantly limited in reaching, handling, and fingering. In the post-accident records, Bridges rated her pain at 10/10, but Easter noted her patient was in no apparent distress. She then opined Bridges would be so distracted by pain that

4

she would be unable to do even simple work for two-thirds of the workday. The court sees nothing in the records to support Easter's opinion that Bridges needs to elevate her legs, use a cane, or that she would likely miss four or more days of work per month.

The court concludes the error in failing to explain the persuasiveness finding is harmless. The RFC, which largely tracks the physical RFC found by the DDS physician, is supported by substantial evidence.

## MENTAL HEALTH OPINIONS

The ALJ found the opinion of Dr. Janice Hinson, Ph.D., a DDS consultant was persuasive, but the plaintiff argues he erred in not incorporating all the limitations from her report into the RFC. Specifically, the plaintiff argues that the ALJ failed to incorporate Hinson's finding that Bridges could interact appropriately with co-workers and supervisors on a "limited basis." The ALJ found Bridges could have occasional interaction with supervisors, coworkers, and the public. "Limited interaction" is not an accepted term of art under Social Security law, unlike "occasionally, frequently, and constantly," and lacks a vocational definition. As shown by the exchange between her counsel and the VE, the plaintiff urges a definition of "limited" interaction that is less than the occasional interaction limits the ALJ found.

When questioned by plaintiff's counsel, the VE testified that if a person is limited to interacting with supervisors, coworkers, and the public for less than 5% to 10% of the time, there would be no jobs available. The plaintiff in essence argues that her interpretation of Hinson's "limited interaction" language in her report should have been included in the RFC, leading inevitably to her being found disabled. The court finds this interpretation is not supported by Hinson's report that only found mild to moderate limitations based on her mental condition. The court finds that the ALJ did not so much disagree with Hinson's report or fail to incorporate its

5

limitations, as he disagreed with the definition plaintiff offered for the phrase "limited interaction." The court finds this was not error.

## DUTY TO DEVELOP THE RECORD

The plaintiff argues that because of the ALJ's duty to develop the record, he should have ordered a physical consultative examination to obtain pulmonary function testing on the plaintiff. Without this information, the plaintiff argues there is not an adequate record to support the RFC. The court disagrees. While there are a few complaints of shortness of breath in 2017, examinations found some mild crackles in one lung, but a normal respiratory rate and effort and no respiratory distress. (R. 485 et. seq.) The complaints were not repeated after 2017. No provider has suggested in the records that they suspected an abnormal pulmonary condition, or suggested that pulmonary function tests were needed. While the ALJ does have a duty to order a consultative examination where there is a reasonable suspicion that it is needed, *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989), a couple of mentions of shortness of breath as a symptom is not sufficient. Accordingly, the ALJ did not abuse his discretion in failing to order a consultative examination.

## RECOMMENDATION

For the foregoing reasons, the undersigned finds that the decision is supported by substantial evidence and contains no prejudicial error and should be affirmed by this court.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure to file objections to this report and recommendations. The parties are required to file any objections, in writing, within 14 days of this date. In the absence of properly filed objections, a party cannot challenge, on appeal, any proposed factual findings and/or proposed legal conclusions that the district court accepts. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (superseded by statute as time limit for response).

     This the 21st day of June, 2021.


                                    **/s/ David A. Sanders**
                                      **U.S. MAGISTRATE JUDGE**